UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LESLIE PENNING PILTZ, | Case No: C 12-4016 SBA (pr) |
| Petitioner, | **ORDER TRANSFERRING VENUE** |
| vs. | Docket 5, 13, 14 |
| M.E. SHERMAN, Warden, | |
| Respondent. | |

Petitioner Leslie Penning Piltz is a state inmate incarcerated at the Correctional Training Facility in Soledad, California, (CTF-Soledad). CTF Soledad is located in Monterey County, which lies within the Northern District of California. On July 30, 2012, Petitioner filed the instant habeas action to challenge a conviction and sentence rendered in the Superior Court of Los Angeles County. Los Angeles County lies within the venue of the United States District Court for the Central District of California.

On November 7, 2012, Respondent filed a Motion to Transfer Venue to the District of Conviction, which is the Central District. Dkt. 5. Petitioner opposes the motion. Dkt. 6.[1]

Venue for a habeas action is proper in either the district of confinement or the district of conviction. 28 U.S.C. § 2241(d); Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 497 (1973). Under Habeas Local Rule 2254-3, the Court may transfer a habeas action to: (1) The district of conviction or sentencing if the petition is challenging

---

[1] Petitioner also has filed motions to appoint counsel and for an evidentiary hearing. Dkt. 13, 14. The motions are more appropriately addressed to the Central District of California, which, as set forth below, is the proper venue for this case.

1  the conviction or sentence; or (2) the district of confinement if the petition is challenging
2  the manner in which the sentence is being executed.  Habeas L.R. 2254-3(b)(1)-(2).
3        In his petition for a writ of habeas corpus, Petitioner asserts the following claims:
4  (1) Sixth Amendment claim based on Confrontation Clause violations at his parole hearing;
5  (2) Sixth Amendment claim based on ineffective assistance of counsel during plea
6  negotiations; (3) due process violation at his plea hearing because he was not informed of
7  all the consequences of his plea; and (4) ex post facto claim based on Respondent's use of a
8  new Amendment to the California Constitution "to obviate the terms and condition of
9  contract made between parties at plea negotiation."  Petition at 16.
10       The claims of ineffective assistance of counsel in negotiating the plea agreement and
11 the invalidity of the plea agreement clearly fall under Habeas Local Rule 2254-3(b)(1) and
12 venue over these claims is found in the district of conviction and sentencing, i.e., the
13 Central District.  However, Petitioner's Confrontation Clause and ex post facto claims
14 focus on his parole hearing, which is a challenge to the execution of his sentence, not his
15 conviction.  See Giovinco v. Carey, No. 03-3018 WHA, 2003 WL 21696204, *1 (N.D. Cal.
16 July 4, 2003).  As such, venue is proper in either the Northern District or the Central
17 District.  Nonetheless, based on the allegations presented, the gravamen of the petition
18 appears to be Petitioner's claims for ineffective assistance of counsel and the invalidity of
19 the agreement.  In addition, a favorable resolution on those claims would potentially moot
20 Petitioner's claims relating to his parole.[2]  Accordingly,
21       IT IS HEREBY ORDERED THAT Respondent's motion to transfer venue is
22 GRANTED and the instant action shall be transferred forthwith to the Central District of
23 California.  Petitioner's motions for the appointment of counsel and for an evidentiary
24
25
26      [2] Petitioner states that he desires to remain in this district because of the "seriousness of the issues presented and the scope of any relief that may be granted . . . and the potential for joinder by and through a class action . . . ."  Opp. at 1.  Petitioner's subjective view
27 regarding the "seriousness of the issues," however, is not a cognizable ground for establishing venue.  Equally misplaced is Petitioner's reliance on Rumsfeld v. Padilla, 542
28 U.S. 426 (2004), which addressed the identity of the proper respondent, not venue.

1 | hearing are DENIED without prejudice to renewal after the action has been transferred.
2 | The Clerk shall close the file and terminate any pending matters.
3 |     IT IS SO ORDERED.

Dated: January 18, 2013

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

G:\PRO-SE\SBA\HC.12\12-4016 - Piltz - Order Granting Motion to Transfer Venue.docx

| | |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | FOR THE NORTHERN DISTRICT OF CALIFORNIA |
| 3 | |
| 4 | LESLIE PENNING PILTZ, |
| 5 | Plaintiff, |
| 6 | v. |
| 7 | M.E. SPEARMAN et al, |
| 8 | |
| 9 | Defendant.                                    / |

Case Number: CV12-04016 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 18, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Leslie Penning Piltz D-58060
Correctional Training Facility - Central
P.O. Box 689
Soledad, CA 93960

Dated: January 18, 2013

Richard W. Wieking, Clerk
By: Lisa Clark, Deputy Clerk

- 4 -